# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR151 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STACY W. NIELSEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant Stacey W. Nielsen (Nielsen) to re-open detention and for pre-revocation release (Filing No. 103). Nielsen seeks a hearing and release to the third-party custody of his mother in Grand Island, Nebraska, and states he is willing to be placed on electronic monitoring and a curfew.

On July 22, 2004, Nielsen pleaded guilty to the unlawful transport of a firearm on November 1, 2003, in violation of 18 U.S.C. § 922(g)(1). He was originally sentenced on October 14, 2004. However, after a series of post-conviction motion and appeals, Nielsen was re-sentenced on September 6, 2006, to imprisonment for 36 months followed by three years of supervised release (Filing No. 90). With credit for time served, Nielsen commenced his supervised release on July 20, 2007 (Filing No. 93).

U.S. Probation Officer Jeff A. Anthens filed a Petition for Warrant or Summons for Offender under Supervision (Petition) for the arrest of Nielsen on December 17, 2007 (Filing No. 94). Therein it is alleged Nielsen sexually assaulted a former female acquaintance on December 15, 2007, in Grand Island, Nebraska, resulting in criminal charges of First Degree Sexual Assault and Third Degree Domestic Assault in Hall County, Nebraska. A warrant for Nielsen's arrest was issued for violation of the conditions of his federal supervised release.

Nielsen appeared before the undersigned magistrate judge on December 26, 2007. He was represented by John D. McDermott. Through his counsel, Nielsen waived his right to a probable cause hearing on the Petition. Through counsel, Nielsen argued for release pending a dispositional hearing before Judge Smith Camp. Counsel argued Nielsen was released on an appearance bond for the state proceedings, Nielsen was employed, and Nielsen would agree to be subject to electronic monitoring. The court found such a proffer to be inadequate to carry Nielsen's burden under 18 U.S.C. § 3143 to demonstrate by clear

and convincing evidence that Nielsen was not a danger to the community and detained Nielsen pending the dispositional hearing (Filing No. 102).

Nielsen's current proposal is little different than that proposed at the hearing on December 26, 2007. Placement with his mother as third party custodian while on electronic monitoring and being employed will not adequately insure the safety of the community. The allegations of the Petition, for which Nielsen waived a probable cause hearing, indicate a sadistic and cruel perversion on the part of Nielsen. Twice before while on federally supervised release in this case, Nielsen has violated the conditions of his release (Filing Nos. 23 and 45). Nielsen's prior criminal history is staggering. His prior record consists of adjudications and convictions for theft of mini-bike, burglary, minor in possession, theft by unlawful taking, driving while intoxicated, driving during suspension ten times, third degree assault twice, assault on a peace officer, attempted possession with intent to distribute marihuana, tampering with a witness, assault by mutual consent, second degree forgery twice, receiving stolen property, escape twice, felony forgery twice, and misdemeanor theft. Furthermore, he has convictions for disturbing the peace and traffic violation too numerous to cite.

The undersigned magistrate judge finds the proposal of Nielsen in his motion to be inadequate to reasonably assure the safety of the community if he were released. Nielsen's motion will be denied in its entirety.

**IT IS ORDERED:**

Nielsen's motion to re-open detention and his request for pre-revocation hearing release (Filing No. 103) is denied.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 8th day of January, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge